On Application for Rehearing.
MONROE, C. J.
The learned counsel for respondent, in their application for rehear *676 ing, after again insisting upon the soundness of the view entertained by them with respect to the constitutionality of Act 112 of 1910, call the particular attention of the court to the fact that they also originally invoked Act 125 of Extra Sess. of 1877 as authority for the removal of relator, and that the court has failed to deal with the question thus presented.
Provisions for the selection of officers are found in different articles of the Constitution, and provisions for the removal of such officers are found in other and distinct articles. Article 194, in effect, creates the office of state bank examiner, and relates, exclusively, to the qualifications, appointment, duties, term of office, and compensation of the person who may be selected. It provides that he shall be appointed by the Governor, by and with the advice and consent .of the Senate, and that “his term of office shall be four years, and the Legislature shall define his duties and fix his compensation.” Article 163 of the. Constitution (of 1898) declares that “all civil officers shall be removable by an address, * * * except those whose removal is otherwise provided for by this Constitution,” and the specially designated exceptions are to be found in articles 217 et seq. Article 163, as contained in the Constitution of 1898, has been omitted from the Constitution of 1913, and the “sixth” paragraph of article 326 of the Constitution last mentioned reads:
“Sixth. — The Constitution of this state, adopted in 1898, and all amendments thereto, are declared superseded by this Constitution. But the omission from this Constitution of any article of the Constitution of 1898, and the amendments thereto, or of any other existing constitutional provision, shall not amount to a repeal thereof, unless the same be inconsistent with this Constitution.”
Articles 217 et seq. are found in the Constitution of 1913, as in that of 1898, under the title, “Impeachment and Removal from Office,” and they make specific provision for the impeachment of certain designated officers, and further provide that certain designated officers, including some of those who may be impeached, may also be removed by judicial proceedings.
Article 220, which is included under the title mentioned, reads:
“Art. 220. For any reasonable cause, whether sufficient for impeachment or not, any officer, except the Governor or acting Governor, on the address of two-thirds of the members elected to each house of the General Assembly, shall thereby be removed. In every such case, the cause or causes for which such removal may be required shall be stated at length in the address and inserted in the Journal of each house.”
It will be seen by comparison that, whereas article 163 of the Constitution of 1898 provided that any civil officer, except those otherwise specially provided for, might be addressed out of office, whether with cause or without, and article 220 of that Constitution provided (as does the article bearing that number in the Constitution of 1913) “for any reasonable cause, whether sufficient for impeachment or not, the Governor shall remove any officer, on the address of two-thirds of the members elected to each house of the General Assembly,” the convention which adopted the Constitution of 1913 has collected all of the provisions relating to impeachment and removal under one title, and those provisions, so collected, purport to cover, and do cover, all cases of the impeachment and removal of constitutional officers, and, agreeably thereto, any such officer, except the Governor or acting Governor, may be removed, by address, and no such officer can be so removed without reasonable cause, which shall be stated at length and inserted in the journal of each house of the General Assembly. It is held, upon good authority, that:
“If a constitutional amendment does not, in terms, expressly repeal a constitutional provision, yet if it covers the same subject provided for in such provision, the amend *678 ment will be regarded as a substitute for it and as suspending it [as is the case with statutory enactments], 8 Cyc. 849, 850.
We, therefore, conclude that all constitutional provisions upon the subject of the removal of constitutional officers have been superseded by the articles of the Constitution of 1913, from 217 to 223, inclusive, which are to be found under the title, “Impeachment and Removal from Office,” and that from none or neither of those articles, or from any other source, does the General Assembly derive the power to make any other provision relating to the removal of a constitutional officer, save such as might be required to carry those articles into effect.
Article 194 creates the office of state bank examiner, and provides that “his term of office shall be four years,” and it is clear that the term thus fixed by the Constitution is not to be abbreviated or otherwise altered, whether in general or with respect to a particular incumbent, save under the authority of the Constitution; and it is equally clear that the present Constitution confers upon the General Assembly no authority to abbreviate the term of the present incumbent, in any other method than as provided in article 220, to wit, “on the address of two-thirds of the members elected to each house.” If, then, the provisions of the present Constitution supersede article 163 of the Constitution of 1898, so that the General Assembly can no longer remove a constitutional officer, even upon “address, without reasonable cause, stated and entered upon the Journals of each house, a fortiori do they supersede Act 112 of 1910, which purports (inferentially) to authorize the Governor to remove such an officer “in the exercise of his discretion,” and Act 125 of 1877, which purports to authorize such removal by the Governor, for cause, but without “address.”
Counsel for respondent say, in their brief:
“The act of 1877 may not have been applicable to certain constitutionally created officers. as, for instance, those whose removal is provided for, specifically, by impeachment or by judicial proceedings; but, if so, the reason is not because they are constitutional officers but that, in thus providing a specific method of removal for such officers, it was the intention of the framers of the Constitution to exclude any other method of removal.”
If, however, it is incompetent for the General Assembly to provide for the removal of a particular officer, by the Governor, acting alone and within his discretion, because the Constitution provides for his removal by impeachment, or judicial proceeding and judgment, why is it not equally incompetent for the General Assembly to make such provision with respect to any officer, except the Governor or acting Governor, since the Constitution provides that, “for any reasonable cause, whether sufficient for impeachment or not, any officer, except the Governor or acting Governor,” may be addressed out of office by the General Assembly, but that, in such cases, the cause shall be stated and entered upon the Journals.
Our reconsideration of the subject having satisfied us that the judgment heretofore handed down is well founded, the application for rehearing is refused.